**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Jane Doe | ) |
| c/o McDonald & Karl | ) |
| 1050 Connecticut Avenue, N.W. | ) |
| Suite  615 | ) |
| Washington, D.C. 20036 | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|         v. | )    Civil Action No. |
| | ) |
| Scott Turner | ) |
| in his Official Capacity as | ) |
| Secretary, U.S. Department of Housing | ) |
|     and Urban Development | ) |
| 451 7th Street, S.W. | ) |
| Washington, D.C. 20410, | ) |
| | ) |
|       Defendant. | ) |

**COMPLAINT OF RETALIATORY AND DISCRIMINATORY CONSTRUCTIVE**
**DISCHARGE IN VIOLATION OF THE REHABILITATION ACT AND TITLE VII**

Plaintiff Jane Doe, by the undersigned attorneys, sues Scott Turner, the Secretary of the U.S.

Department of Housing and Urban Development ("HUD"), in his official capacity, and states:

1.      This is an action for Declaratory, Injunctive, Equitable and Monetary Relief for

retaliatory and discriminatory actions taken against Jane Doe because she engaged in protected

activity in filing and prevailing in filing a prior complaint of discrimination and violation of the

Rehabilitation Act before the Equal Employment Opportunity Commission ("EEOC").  Defendant

unlawfully withdrew Ms. Doe's previously approved Reasonable Accommodation under the

Rehabilitation Act which was at the center of her prior case before the EEOC.  HUD did so while

HUD delayed the processing relief ordered by the EEOC, relief to which Ms. Doe was entitled as

a matter of law. As a result, Ms. Doe was forced to resign from her job at HUD under circumstances described in detail below.

## JURISDICTION AND VENUE

2.      This is an action for violation of the Rehabilitation Act and Title VII of the Civil Rights Act of 1964, as amended that arose from the retaliation and discrimination against plaintiff by officials of HUD. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

3.      Venue is proper before this Court pursuant to 28 U.S.C. 1391 (c) because Defendant's headquarters is within the geographical boundaries of the District of Columbia and because the decisions which are the subject of this complaint, including the cancellation and unlawful withdrawal of Ms. Doe's Reasonable Accommodation and the rejection of her request for reassignment to another HUD team were directed from within the geographical boundaries of the District of Columbia. Venue is also proper in the District of Columbia because Ms. Doe's personnel records are located in the District of Columbia.

## PARTIES

4.      Ms. Doe began her employment at HUD on Nov. 14, 2016 as a GS-12 Account Executive in the Multi-family Housing Asset Management Division. Ms Doe has been in the housing industry since 1995. Ms. Doe has a strong work ethic and enjoyed high performance ratings.

5.      Beginning in 2017 HUD issued Ms. Doe "time off" awards, "spot" awards for special projects and performance awards. In the last 8 years prior to her constructive discharge, Ms. Doe has received a FY Year End performance rating of a "4 - Exceeds Fully Successful" for seven of these eight years. The only exception was in 2019, when Ms. Doe was only able to work 6 months prior to HUD denying her RA.. Ms. Doe received a "3" Fully Successful that year.

6.      Ms. Doe facilitated regional staff trainings and on the job trainings throughout the years to newer employees and was an excellent resource to internal and external stakeholders.  Her substantial contribution to her team is evidenced in all of her manager's award comments and communications.

7.      Defendant Scott Turner as Secretary of the U.S. Department of Housing and Urban development is the senior Executive Branch official responsible for the actions of HUD.  HUD has its principal headquarters located at  451 7th Street, S.W.,  Washington, D.C. 20410.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      On January 18, 2024, Ms. Doe contacted HUD's EEO Office to report the retaliation and discrimination claims arising from HUD's violations of the Rehabilitation Act and Title VII.  Unfortunately, her attempts to resolve her claims during the informal process were unsuccessful.

9.       Upon receipt of the notice of her right to file a formal EEO complaint from the EEO Counselor, Ms. Doe on March 26, 2024 timely filed a EEO administrative complaint of retaliation and discrimination for HUD's violation of the Rehabilitation Act and Title VII.  All seven of Ms Doe's claims were accepted by HUD's EEO office.

10.     After the completion of the EEO Report of Investigation, Ms Doe elected to request a hearing with an EEO Administrative Judge on December 18, 2024.  AJ Montez Cobb was assigned to the case January 22, 2025.

11.     More than two months after she requested a hearing from the EEOC, on February 24, 2025, HUD issued a final agency decision, rejecting Ms. Doe's claims of constructive discharge. HUD directed Ms. Doe to appeal these constructive discharge claims to the Merit System Protection Board ("MSPB").  Ms. Doe timely filed an MSPB appeal with the MSPB Northeast Regional

Philadelphia office on March 25, 2025.

12.    The MSPB found that the Board lacked jurisdiction over Ms. Doe's claims of constructive discharge and dismissed her claims.  The MSPB decision advised Ms. Doe of her right to appeal that decision to U.S. District Court within 30 days of the MSPB decision becoming a final order, *i.e.* 30 days from September 12, 2025.

13.    Ms. Doe is allowed to seek relief in the court because her  constructive discharge claims are inextricably intertwined with her other claims, including violation of the Rehabilitation Act, discrimination, creation of a hostile work environment and retaliation, including the withdrawal of Ms. Doe's Reasonable Accommodation previously granted by HUD.

## BACKGROUND AND HISTORY OF PROTECTED ACTIVITY

14.    In 2019, Ms. Doe requested a Reasonable Accommodation ("RA") from her employer, the Department of Housing and Urban Development, ("HUD).  HUD denied her request for an RA.  Ms. Doe thereafter appealed HUD's denial of her RA to the DC Reasonable Accommodation Committee which resulted in the (RAC) sustaining HUD's denial.

15.    Ms. Doe participated in ADR mediation and then timely filed a formal complaint with the EEOC in August, 2019.

16.    Several years later, in 2022,   HUD determined that Ms. Doe was eligible for a Reasonable Accommodation.  HUD finally granted Ms. Doe's request for a RA (5 day work from home, full-time telework).  Prior to the August, 2023 hearing, HUD nevertheless denied Ms. Doe's request for compensatory damages and back pay resulting from HUD's failure to grant the reasonable accommodation in 2019.

17.    In August, 2023, Ms. Doe's case proceeded to a hearing before EEOC Judge Colin

Power.  On September 8, 2023 Judge Power ruled in Ms. Doe's favor.

18.     Judge Power found that HUD had no defense to Ms. Doe's claims that she was wrongfully denied a reasonable accommodation because HUD had subsequently approved Ms. Doe's request for a Reasonable Accommodation in June, 2022.

19.     Since HUD delayed granting the Reasonable Accommodation for several years after Ms. Doe made the request for an RA in 2019 and after she filed a complaint with the EEOC.  Ms. Doe was entitled to relief.  Since HUD had already approved the RA  Ms. Doe had requested by the time of the hearing, HUD could no longer argue that providing the RA constituted an "undue burden" on HUD.

20.     EEOC Judge Power awarded Ms. Doe relief to make Ms. Doe whole, including back pay, damages and reasonable attorney's fees.

21.     After Ms. Doe prevailed before the EEOC and while HUD delayed the  processing of Ms. Doe's relief ordered by Judge Power, HUD unlawfully withdrew her Reasonable Accommodation in December, 2023 and insisted Ms. Doe request a new RA and start the RA process all over again.   HUD forced  Ms. Doe to reapply for her new RA, which was contrary to HUD/AFGE union agreement and HUD's Handbook §7855.1.  HUD withdrew the previously approved RA in December, 2023, while Ms. Doe was out of the office on bereavement leave due to the death of her mother.

22.     HUD repeatedly insisted that Ms. Doe submit a new RA request upon her return from bereavement leave, even though her need for an RA stayed the same and  the medical prognosis was deemed ongoing.  The situation had not improved  and the previously granted RA was the basis for Judge Power's decision in Ms. Doe's favor.

23.     HUD's action was a clear violation of HUD's agreement with the local AFGE Union and was done for unlawful discriminatory and retaliatory reasons, while HUD delayed processing Ms. Doe's compensatory damages, back pay and attorney's fees award.

24.     HUD created a hostile work environment, waging psychological warfare against Ms. Doe while she was grieving for her mother.  HUD sought to intimidate Ms. Doe and excessively micromanage her work to increase her stress level.

25.     Ms. Doe's direct supervisor accused Ms. Doe of not working in May 2024 when documentary evidence indicates that Ms. Doe was in fact working.  HUD attacked Ms. Doe's character, long standing reputation and work ethic with baseless performance concerns and allegations.  Ms. Doe was singled out, and new employees were treated more favorably by her direct supervisor.

26.     Ms. Doe's direct supervisor harassed Ms. Doe and repeatedly threatened her with disciplinary action up to removal of federal service if Ms. Doe did not report in person to the office.  Ms. Doe was pressured to disobey her medical doctor's order and report in person to the office.

27.     Ms. Doe reported the harassment by her direct supervisor to her second level, indirect supervisor pursuant to HUD's Anti-Harassment Program.   Ms. Doe requested re-assignment to another team with a new supervisor.  HUD denied this request.  Shortly thereafter, HUD issued Ms. Doe a  performance concerns memo with a blind copy to HUD Human Resources Employee Labor Relations in DC.

28.     HUD changed Ms. Doe's job standards and then lowered her performance.  HUD withdrew Ms. Doe's Reasonable Accommodation and threatened disciplinary action, including removal from federal service.

29.    HUD's actions caused Ms. Doe stress, emotional distress, mental and physical harm. Ms. Doe was approved for FMLA effective May 2024 – December 2024, which was ordered by her health care provider for emergency management treatment. HUD's actions caused Ms. Doe mental and physical harm including severe documented depression, anxiety, nervous digestion issues, panic attacks, migraines, eye soreness, dizziness, lack of sleep, nausea, and weight loss. HUD caused Ms. Doe to suffer and experience symptoms of PTSD.

30.    At the advice of her medical professionals, Ms. Doe resigned with a separation date of September 3, 2024 in order to safeguard her mental and physical well being from further harm and damage. Ms. Doe had no real choice in making that decision. A reasonable person, having experienced this harassment and retaliation, coupled with the death of a parent, would certainly be compelled to resign.

### COUNT I
### CONSTRUCTIVE DISCHARGE

31.    Plaintiff repeats and incorporates herein the allegations set forth in paragraphs 1 through paragraph 30 above.

32.    Defendant's actions forced Ms. Doe to resign from her job with HUD and effectively discharged Ms. Doe from employment. Under the circumstances presented here, Ms. Doe did not voluntarily resign from her job with HUD, but was forced to do so.

33.    As a direct and proximate result of HUD's actions, Ms. Doe was constructively discharged and separated from her position with HUD. As a result, Ms. Doe suffered lost income and benefits, as well as emotional distress, trauma, and embarrassment. Ms. Doe also incurred attorney's fees and other costs in vindicating her rights.

**RELIEF REQUESTED**

Plaintiff respectfully requests this Court provide the following relief:

A.      Declare that HUD's policies and practices as described above violate the Rehabilitation Act and the Civil rights Act of 1964.

B.      Enjoin HUD from engaging in employment practices and procedures that operate to retaliate on the basis of prior protected activity and the need for a Reasonable Accommodation under the Rehabilitation Act.

C.      Reinstate Ms. Doe to her rightful place and with a Reasonable Accommodation.

D.      Order HUD to correct its employment records and rescind all negative actions taken against Ms. Doe.

E.      Award Ms. Doe back pay and benefits, including restoration of annual and sick leave.

F.      Award Ms. Doe front pay until she secures employment consisted with her work history and experience.

G.      Award Ms. Doe compensatory damages in the amount of $300,000.

H.      Award Ms. Doe costs, expenses and reasonable attorney's fees; and

I.      Grant Ms. Doe such other and further relief as the Court may consider just and proper.


Respectfully submitted,


   /S/ John F. Karl, Jr.                   /s/ Kristen Grim Hughes
John F. Karl, Jr. #292458          Kristen Grim Hughes DC Bar 456171
McDonald & Karl                Law Office of Kristen Grim Hughes
1025 Connecticut Avenue, N.W.     1390 Chain Bridge Road, Ste 530
Suite 615                     McLean, Virginia 22101
Washington, D.C. 20036        (703) 356-2629
(202) 293-3200               kghughes@hotmail.com
jfk@jfklaw.org

*Counsel for Plaintiff*


**JURY DEMAND**

Plaintiff respectfully requests a jury trial in the above matter.


   /S/ John F. Karl, Jr.                   /s/ Kristen Grim Hughes
John F. Karl, Jr. #292458          Kristen Grim Hughes DC Bar 456171