UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT TURNER,<br>Secretary of Housing and Urban Development,<br><br>    Defendant. | Civil Action No. 25-3658 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jane Doe was a high-performing Department of Housing and Urban Development employee from 2016 until 2024, see ECF No. 1 (Compl.), ¶ 4, when she resigned at the advice of her medical professionals.  Id., ¶ 30.  Doe has filed suit against HUD, alleging retaliatory and discriminatory actions taken against her in violation of the Rehabilitation Act and Title VII of the Civil Rights Act of 1964.  Id., ¶¶ 1–2.  She seeks multiple remedies including reinstatement, backpay, and damages, id. at 8, and now moves to shield her identity from the public.  See ECF No. 2 (Mot.).  As she has established a heightened interest in anonymity, the Court will grant Doe's Motion to proceed under pseudonym.

**I.      Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1.  That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal

1

Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and relatedly,
>
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II.    Analysis

Plaintiff has demonstrated sufficient privacy interests that outweigh the public's presumptive interest in learning her identity.

At the onset, Doe seeks to preserve her anonymity in relation to "a matter of a sensitive and highly personal nature."  Id. at 326 (cleaned up).  If a case involves medical information, including mental-health status, the first factor generally favors pseudonymity.  Id. at 327 (medical information is considered sensitive and highly personal information); Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op.) at 3 (D.D.C. Oct. 2, 2023) (finding this factor favored pseudonymity when plaintiffs sought to avoid disclosing "medical conditions . . . such as major

depressive disorder, bipolar disorder, post-traumatic-stress disorder, and panic disorder, as well as their medications and treatment"). Plaintiff here suffers from physical and mental conditions that include "documented depression, anxiety, nervous digestion issues, panic attacks, migraines, eye soreness, dizziness, lack of sleep, nausea, and weight loss." Compl., ¶ 29. These conditions are likely to be the subject of this litigation because she states that they were caused by HUD's actions. Id. Existing admissions and forthcoming revelations concerning her health conditions weigh in favor of allowing Plaintiff to proceed under a pseudonym.

The second factor asks "whether identification poses a risk of retaliatory physical or mental harm." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 96). While disclaiming any threats of new retaliatory acts, Plaintiff clears this factor with the theory that disclosure of her identity would intensify ongoing psychological harm that she has suffered from past retaliation. See ECF No. 2-1 (Mem. Supp.) at 4. As applicable here, "[c]ourts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage is anticipated if a party's identity is disclosed." Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept 27, 2018) (cleaned up). The Court finds that Doe has provided the requisite evidence to establish that revealing her identity poses a risk of that harm. See ECF No. 2-2 (Declaration of Jane Doe), ¶¶ 4–6; Compl., ¶¶ 21–29.

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — weighs against pseudonymity because Doe "is an adult and there are no minor children associated with her complaint." Mem. Supp. at 3.

The fourth factor, in cases with a government defendant, turns on the nature of relief sought. Anonymity is favored when a plaintiff seeks individualized relief but disfavored when

3

he seeks program-wide relief. Compare Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a year-long delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted), with In re Sealed Case, 971 F.3d at 329 ("That public interest is intensified when, as here, the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward.").

The Court finds that this factor is neutral given the discrepancy between Plaintiff's Complaint and Motion. Doe primarily seeks individualized relief to rectify her alleged constructive discharge. See Compl. at 8 (seeking reinstatement, back pay, and damages). Her Motion to proceed pseudonymously doubles down on that point, emphasizing that she "is seeking individualized relief and thus the fourth factor favors pseudonymity." Mem. Supp. at 6. Plaintiff's Complaint, however, also requests declaratory and injunctive relief that appears programmatic in nature. See, e.g., Compl. at 8 ("Enjoin HUD from engaging in employment practices and procedures that operate to retaliate on the basis of prior protected activity and the need for a Reasonable Accommodation under the Rehabilitation Act."). Whether Plaintiff is requesting relief that is individualized or programmatic is a question reserved for the United States District Judge to whom this case is randomly assigned.

The fifth and final factor counsels in favor of pseudonymity. The Government would suffer no "risk of unfairness" if the Motion were granted. In re Sealed Case, 971 F.3d at 327 (quoting In re Sealed Case, 931 F.3d at 97). Plaintiff has already revealed her name and address under seal. See Decl., ¶¶ 1–2. In such circumstances, this factor tilts against disclosure. See, e.g., In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where

defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (fifth factor supports motion where defendant already knows plaintiff's identity). Defendant, of course, remains free to request additional information as needed for a full and fair defense of the case, and Doe remains free to object.

In sum, the first, second, and fifth factors weigh in favor of granting the Motion to proceed pseudonymously, while the third cuts against and the fourth is neutral. That tilts the balance in Plaintiff's favor, at least on the current record

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion for Leave to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action;

3. For all public filings, the parties shall redact Plaintiff's name, age, date of birth, address, Social Security number, and any other personally identifying information that could lead to the identification of Plaintiff by non-parties; and

4. Within fourteen days of this Order, Plaintiff shall file a pseudonymous version of her [2] Motion and any attachments on the public docket, with the supporting Declaration remaining under seal.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 30, 2025